## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **STEVEN D. ZARLING,** ) | |
| ) | |
| ) | |
| Debtor ) | Case No. 18-35437 |
| ) | |
| _____ ) | Honorable David D. Cleary |
| ) | |
| **RICHARD MASON, not individually but** ) | |
| **solely in his capacity as Chapter 7 Trustee for** ) | |
| **the bankruptcy estate of STEVEN D.** ) | |
| **ZARLING,** ) | |
| ) | Adv. No. 19-00947 |
| Plaintiff ) | |
| v. ) | |
| ) | |
| **GARY ZARLING,** ) | |
| ) | |
| Defendant ) | |
| ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS AND OTHER RELIEF

NOW COMES the Defendant, Gary Zarling ("Defendant") by and through his attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for his answer and affirmative defenses to the complaint filed by Plaintiff, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling ("Plaintiff"), to avoid and recover an alleged insider preferential transfer to Defendant, states as follows:

## PARTIES

1. On December 26, 2018, Debtor, Steven D. Zarling ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code ("Petition") as an individual. Plaintiff, Richard Mason, was appointed as trustee of the Debtor's bankruptcy estate (the "Trustee").

**ANSWER:** Defendant admits the allegations contained in paragraph 1.

2. On information and belief, George Zarling, also known as Gary Zarling ("Defendant") is the Debtor's brother. Defendant is an insider of the Debtor pursuant to Section 101(31)(A)(i) of the Bankruptcy Code and 740 ILCS 160/2(g)(1)(A).

**ANSWER:** Defendant admits the allegations contained in paragraph 2, except that he is known as Gary Zarling and has never been known as George Zarling.

## JURISDICTION

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334 and the general order for referral of bankruptcy-related matters effective in the United States District Court for the Northern District of Illinois, as the complaint arising out of the Chapter 7 bankruptcy case of *In Re: Steven D. Zarling*. Further, this is a cause of action arising out of 11 U.S.C. §§544, 547, 548 and 550 and Federal Rule of Bankruptcy Procedure 7001.

**ANSWER:** Defendant does not believe that there are any factual allegations contained in paragraph 3 to admit or deny, but are legal conclusions. Nevertheless, Defendant concedes that this Court has jurisdiction.

4. Venue for this Complaint is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1409(a).

2

**ANSWER:** Defendant does not believe that there are any factual allegations contained in paragraph 4 to admit or deny, but are legal conclusions. Nevertheless, Defendant concedes that venue is proper.

5. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§157 (b)(1) and 157(b)(2)(A), (F) and (H). To the extent that this Complaint sets forth claims that are not core proceedings, the Trustee consents to this Court hearing and determining such matters pursuant to 28 U.S.C. § 157(c)(2).

**ANSWER:** Defendant does not believe that there are any factual allegations contained in paragraph 5 to admit or deny, but are legal conclusions. Nevertheless, Defendant concedes that the matters raised in the complaint are core matters and Defendant consents to this Court hearing and determining any matters which may not be core matters.

## FACTS COMMON TO ALL COUNTS

6. Trustee was appointed as the Chapter 7 Trustee for Debtor's bankruptcy case and immediately thereafter began his examination of Debtor's assets and liabilities.

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

7. The Trustee has the duty, authority and standing to bring this Complaint pursuant to Section 704 of the Bankruptcy Code.

**ANSWER:** Defendant admits the allegations contained in paragraph 7.

8. In February 2018, Debtor received $39,810.82 from a settlement of a workers' compensation lawsuit (the "WC Funds").

**ANSWER:** Defendant admits the allegations contained in paragraph 8.

9. In or around February 2018, Debtor made a payment to or for the benefit of Defendant as disclosed on Debtor's amended bankruptcy schedules, filed on February 6, 2019 (the "Transfer").

**ANSWER:** Defendant admits the allegations contained in paragraph 9.

10. The Transfer was made prior to Debtor's bankruptcy filing.

**ANSWER:** Defendant admits the allegation contained in paragraph 10.

11. The Transfer was made within one (1) year prior to the filing of the Debtor's bankruptcy case.

**ANSWER:** Defendant admits the allegation contained in paragraph 11.

12. The Transfer was made to or for the benefit of Defendant.

**ANSWER:** Defendant admits the allegations contained in paragraph 12.

13. Upon information and belief, the Transfer to or for the benefit of Defendant was for or on account of antecedent debts owed by Debtor to Defendant before such Transfer was made.

**ANSWER:** Defendant does not believe that there are any factual allegations contained in paragraph 13 to admit or deny, but are legal conclusions. In the event the Court deems the allegations to be factual allegations, Defendant denies the same.

14. Debtor asserted an exemption as to the Settlement Funds pursuant to 820 ILCS 305/21 (the "Workers' Compensation Act"). However, on August 29, 2019, the Bankruptcy Court entered an Order Disallowing Debtor's Assertion of Exemption as to the WC Funds. [Case 18-35437, Dkt. No. 36.]

**ANSWER**: Defendant admits the allegations contained in paragraph 14, but states affirmatively that it was premature for the Debtor to assert any exemption in the WC Funds as the WC Funds were not property of the bankruptcy estate.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

15. The Trustee restates and realleges those allegations set forth in paragraphs 1-13 herein as though fully set forth herein.

**ANSWER**: Defendant restates and incorporates his answers to paragraphs 1-13 as if fully set forth herein.

16. The Transfer was made to or for the benefit of Defendant.

**ANSWER**: Defendant admits the allegations contained in paragraph 16.

17. The Transfer to Defendant was made while the Debtor was insolvent.

**ANSWER**: Defendant denies the allegations contained in paragraph 17.

18. The Transfer was the transfers of property of the Debtor which occurred within one year before the date of the filing of the Petition commencing the Debtor's bankruptcy case.

**ANSWER**: Defendant admits the allegations contained in paragraph 18.

19. Said Transfer enabled Defendant to receive more than he would have received in this case under chapter 7 of the Bankruptcy Code if the Transfer had not been made and Defendant received payment of his debt(s) to the extent provided by the provisions of the Bankruptcy Code.

**ANSWER**: Defendant denies the allegations contained in paragraph 19.

20. The Transfer to Defendant should be avoided pursuant to Section 547(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations contained in paragraph 20.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)(1)(A)

21. The Trustee restates and realleges those allegations set forth in paragraphs 1-19 herein as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates his answers to paragraphs 1-19 as if fully set forth herein.

22. Upon information and belief, the Debtor made the Transfer with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted, either on or after the dates that the Transfer was made.

**ANSWER:** Defendant denies the allegations contained in paragraph 22.

23. The Transfer should be avoided pursuant to Section 548 of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations contained in paragraph 23.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)(1)(B)

24.     The Trustee restates and realleges those allegations set forth in paragraphs 1-22 herein as though fully set forth herein.

**ANSWER:**   Defendant restates and incorporates his answers to paragraphs 1-22 as if fully set forth herein.

25.     The Debtor received less than a reasonably equivalent value in exchange for the Transfer of the Debtor's property; and

   a. Said Transfer was made while the Debtor was insolvent or the Debtor became insolvent as a result of such transfer of property; or

   b. Made such Transfer to or for the benefit of an insider;

**ANSWER:**   Defendant denies the allegations contained in paragraph 25.

26.     The Transfer should be avoided pursuant to Section 548 of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:**   Defendant denies the allegations contained in paragraph 26.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT IV
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/5(a)(1) AND SECTION 544(b) OF THE BANKRUPTCY CODE

27.     The Trustee restates and realleges those allegations set forth in paragraphs 1-27 herein as though fully set forth herein.

7

**ANSWER:**   Defendant restates and incorporates his answers to paragraphs 1-27 as if fully set forth herein.

28.   Upon information and belief, the Debtor made the Transfer to Defendant with actual intent to hinder, delay or defraud creditors of the Debtor.

**ANSWER:**   Defendant denies the allegations contained in paragraph 28.

29.   The Transfer should be avoided pursuant to 740 ILCS 160/5(a)(1) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:**   Defendant denies the allegations contained in paragraph 29.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

**COUNT V**
**AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO**
**740 ILCS 160/5(a)(2) AND SECTION 544(b) OF THE BANKRUPTCY CODE**

30.   The Trustee restates and realleges those allegations set forth in paragraphs 1-28 herein as though fully set forth herein.

**ANSWER:**   Defendant restates and incorporates his answers to paragraphs 1-28 as if fully set forth herein.

31.   Upon information and belief, the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer or obligation.

**ANSWER:**   Defendant denies the allegations contained in paragraph 31.

32.   At the time of the Transfer, the Debtor was engaged, or was about to engage in a

8

business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

**ANSWER:** Defendant denies the allegations contained in paragraph 32.

33. At the time of the Transfer, the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

**ANSWER:** Defendant denies the allegations contained in paragraph 33.

34. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/5(a)(2) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations contained in paragraph 34.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT VI
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/6(a) AND SECTION 544(b) OF THE BANKRUPTCY CODE

35. The Trustee restates and realleges those allegations set forth in paragraphs 1-33 herein as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates his answers to paragraphs 1-33 as if fully set forth herein.

36. Upon information and belief, the Debtor made the Transfer to Defendant or incurred such obligations without receiving a reasonably equivalent value in exchange for the Transfer or obligations.

**ANSWER:** Defendant denies the allegations contained in paragraph 36.

37. The Debtor was insolvent at the time of the Transfer to Defendant or became insolvent as a result of the Transfer or obligations.

**ANSWER:** Defendant denies the allegations contained in paragraph 37.

38. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/6(a) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations contained in paragraph 38.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT VII
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/6(b) AND SECTION 544(b) OF THE BANKRUPTCY CODE

39. The Trustee restates and realleges those allegations set forth in paragraphs 1-37 herein as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates his answers to paragraphs 1-37 as if fully set forth herein.

40. The Debtor made the Transfer to Defendant for the benefit of Defendant.

**ANSWER:** Defendant admits the allegations contained in paragraph 40.

41. The Debtor made the Transfer to Defendant while the Debtor was insolvent.

**ANSWER:** Defendant denies the allegations contained in paragraph 41.

42. At the time of the Transfer, Defendant knew, or had reason to know, that the Debtor was insolvent.

**ANSWER:** Defendant denies the allegations contained in paragraph 42.

43. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/6(b) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

**ANSWER**: Defendant denies the allegations contained in paragraph 43.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

### COUNT VIII
### ACCOUNTING

44. The Trustee restates and realleges those allegations set forth in paragraphs 1-42 herein as though fully set forth herein.

**ANSWER**: Defendant restates and incorporates his answers to paragraphs 1-42 as if fully set forth herein.

45. The Trustee seeks an accounting of all funds, tangible and intangible assets and any other property assigned, sold or otherwise transferred from the Debtor or any of his business entities, directly or indirectly, to or for the benefit of Defendant.

**ANSWER**: Defendant does not believe there are any factual allegations in paragraph 45 to admit or deny. In the event the Court deems the allegations to be factual allegations, Defendant denies the same. Answering further, Defendant states that Plaintiff is not entitled to any of the relief requested in paragraph 45.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

## COUNT IX
## TURNOVER OF DOCUMENTS AND ASSETS

46. The Trustee restates and realleges those allegations set forth in paragraphs 1-44 her ein as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates his answers to paragraphs 1-44 as if fully set forth herein.

47. The Trustee seeks the turnover of all documents relating to the Transfer.

**ANSWER:** Defendant does not believe there are any factual allegations in paragraph 47 to admit or deny. In the event the Court deems the allegations to be factual allegations, Defendant denies the same. Answering further, Defendant states that Plaintiff is not entitled to any of the relief requested in paragraph 47.

48. The Trustee seeks the turnover of all assets (and all documents related thereto) transferred by the Debtor to Defendant, including but not limited to, the WC Funds, all funds, tangible and intangible assets and any other property assigned, sold or otherwise transferred from the Debtor or his other business entities, directly or indirectly, to or for the benefit of Defendant, as property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

**ANSWER:** Defendant does not believe there are any factual allegations in paragraph 48 to admit or deny. In the event the Court deems the allegations to be factual allegations, Defendant denies the same. Answering further, Defendant states that Plaintiff is not entitled to any of the relief requested in paragraph 48.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

### FIRST AFFIRMATIVE DEFENSE

As and for his first affirmative defense, Defendant states that the complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for his second affirmative defense, Defendant states that the Debtor was not insolvent on the date of the alleged Transfer.

### THIRD AFFIRMATIVE DEFENSE

As and for his third affirmative defense, Defendant states that to the extent the Defendant received the Transfer, the Transfer was intended by the Debtor and Defendant to be a contemporaneous exchange of new value to the Debtor and, in fact, was a substantially contemporaneous exchange of new value.

### FOURTH AFFIRMATIVE DEFENSE

As and for his fourth affirmative defense, Defendant states that to the extent the Defendant received the Transfer, the Transfer was made in the ordinary course of Debtor's business and made in the ordinary course established between the Debtor and Defendant and, further, was made according to ordinary business terms.

### FIFTH AFFIRMATIVE DEFENSE

As and for his fifth affirmative defense, Defendant states that to the extent the Defendant received the Transfer, Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

As and for his sixth affirmative defense, Defendant states that the Debtor was not

insolvent on the date of the alleged Transfer or did not become insolvent as a result thereof.

## SEVENTH AFFIRMATIVE DEFENSE

As and for his seventh affirmative defense, Defendant states that the Debtor was not engaged in business or a transaction, or was not about to be engaged in business or a transaction, for which any remaining property of the Debtor was an unreasonably small capital.

## EIGHTH AFFIRMATIVE DEFENSE

As and for his eighth affirmative defense, Defendant states that the Transfer was not made with the actual intent to hinder, delay or defraud Debtor's creditors.

## NINTH AFFIRMATIVE DEFENSE

As and for his ninth affirmative defense, Defendant states that the Transfer was made for reasonably equivalent value in exchange for such Transfer.

## TENTH AFFIRMATIVE DEFENSE

As and for his tenth affirmative defense, Defendant states that the Debtor did not intend to incur debts beyond his ability to pay as they came due at the time of the Transfer.

WHEREFORE, the Defendant, Gary Zarling, prays the Honorable Court enter judgment in his favor and deny all of the relief requested by Plaintiff and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Gary Zarling, Defendant

By:/s/ Joel A. Schechter
His Attorney

Joel A. Schechter
Attorney No. 3122099
Law Offices of Joel A. Schechter
53 West Jackson Blvd., Suite 1522
Chicago, IL 60604
312-332-0267; joel@jasbklaw.com