# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 7** |
| | ) | |
| **STEVEN D. ZARLING,** | ) | **Case No. 18-bk-35437** |
| | ) | |
| | ) | **Honorable David D. Cleary** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **RICHARD MASON, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of STEVEN D. ZARLING,** | ) ) ) ) | **Adv. Case No. 19-ap-00947** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **GEORGE ZARLING a/k/a GARY ZARLING,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## TRUSTEE'S ANSWER TO DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling ("Trustee"), by and through his attorneys, Robert R. Benjamin, Beverly A. Berneman and Caren A. Lederer of GOLAN CHRISTIE TAGLIA LLP, hereby answers the Affirmative Defenses of Defendant, George Zarling a/k/a Gary Zarling ("Defendant"), and states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As and for his first affirmative defense, Defendant states that the complaint fails to state a cause of action which relief can be granted.

**ANSWER:** The allegations of Paragraph 1 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

## SECOND AFFIRMATIVE DEFENSE

2. As for his second affirmative defense, Defendant states that the Debtor was not insolvent on the date of the alleged transfer.

**ANSWER:** Upon information and belief, Trustee denies the allegations in Paragraph 2.

## THIRD AFFIRMATIVE DEFENSE

3. As for his third affirmative defense, Defendant states that to the extent the Defendant received the Transfer, the Transfer was intended by the Debtor and Defendant to be a contemporaneous exchange of new value to the Debtor and, in fact, was a substantially contemporaneous exchange of new value.

**ANSWER:** The allegations of Paragraph 3 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

## FOURTH AFFIRMATIVE DEFENSE

4. As and for his fourth affirmative defense, Defendant states that to the extent the Defendant received the Transfer, the Transfer was made in the ordinary course of Debtor's business and made in the ordinary course established between the Debtor and Defendant and, further, was made according to ordinary business terms.

**ANSWER:** The allegations of Paragraph 4 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

## FIFTH AFFIRMATIVE DEFENSE

5. As and for his fifth affirmative defense, Defendant states that to the extent the Defendant received the Transfer, Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**ANSWER:** The allegations of Paragraph 5 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

## SIXTH AFFIRMATIVE DEFENSE

6. As and for his sixth affirmative defense, Defendant states that the Debtor was not insolvent on the date of the alleged Transfer or did not become insolvent as a result thereof.

**ANSWER:** Upon information and belief, Trustee denies the allegations of Paragraph 6.

### SEVENTH AFFIRMATIVE DEFENSE

7. As and for his seventh affirmative defense, Defendant states that the Debtor was not engaged in business or a transaction, or was not about to be engaged in business or a transaction, for which any remaining party of the Debtor was an unreasonably small capital.

**ANSWER:** Upon information and belief, Trustee denies the allegations of Paragraph 7.

### EIGHTH AFFIRMATIVE DEFENSE

8. As and for his eighth affirmative defense, Defendant states that the Transfer was not made with the actual intent to hinder, delay or defraud Debtor's creditors.

**ANSWER:** The allegations of Paragraph 8 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

### NINTH AFFIRMATIVE DEFENSE

9. As and for his ninth affirmative defense, Defendant states that the Transfer was made for reasonably equivalent value in exchange for such Transfer.

**ANSWER:** The allegations of Paragraph 9 are legal conclusions for which no response is required. To the extent a response is required, Trustee denies same.

### TENTH AFFIRMATIVE DEFENSE

10. As and for his tenth affirmative defense, Defendant states that the Debtor did not intend to incur debts beyond his ability to pay as they came due at the time of the Transfer.

**ANSWER:** Upon information and belief, Trustee denies the allegations in Paragraph 10.

Dated: March 30, 2020

Respectfully submitted,

RICHARD MASON,

By: ___/s/ *Caren A. Lederer*
One of His Attorneys

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)
Caren A. Lederer (ARDC # 6244631)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Trustee
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
calederer@gct.law

3