# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | In Chapter 7 |
| STEVEN D. ZARLING, | Case No. 18-B-35437 |
| | Honorable David D. Cleary |
| Debtor. | |
| RICHARD MASON, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of STEVEN D. ZARLING, | Adv. Case No. 19-ap-00947 |
| Plaintiff, | |
| v. | |
| GEORGE ZARLING a/k/a GARY ZARLING, | |
| Defendant. | |

### RESPONSE TO GARY ZARLING'S
### MOTION TO DISQUALIFY SPECIAL COUNSEL

Plaintiff, Richard Mason (the "Trustee"), not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Steven D. Zarling ("Debtor"), by and through his attorneys, Robert R. Benjamin, Beverly A. Berneman and Caren A. Lederer of Golan Christie Taglia LLP, in response to Motion of Defendant, Gary Zarling, to Disqualify Special Counsel (the "Motion to Disqualify"), states as follows:

### INTRODUCTION

Defendant's Motion to Disqualify should be denied because it erroneously misrepresents the scope of Golan Christie Taglia LLP's ("GCT") appointment as Special Counsel. GCT's role as Special Counsel, as previously approved by this Court, is specifically tailored to pursue the

particular adversary complaint brought against Defendant, Gary Zarling. GCT has not, and will not, represent the Trustee as general counsel in the bankruptcy, nor in reviewing proofs of claim—including the proof of claim filed by Linda Nelson. As such, GCT remains a disinterested party and its appointment as Special Council should stand.

## BACKGROUND

1. On December 26, 2018, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code as an individual. Trustee was appointed and immediately thereafter began his examination of Debtor's assets and liabilities.

2. Debtor filed amended bankruptcy schedules on February 6, 2019, following his disclosure at the initial Section 341 Meeting of a February 2018 workers' compensation settlement award in the amount of $39,810.82 (the "Settlement Funds"). [Dkt. No. 12.] Debtor's claim that the Settlement Funds were exempt was denied by this Court on August 29, 2019, and they are property of this estate.

3. On February 6, 2019, Debtor also filed an Amended Statement of Financial Affairs and disclosed that the Settlement Funds had been transferred to Defendant, Debtor's brother, in February 2018. [Dkt. No. 13.]

4. On June 17, 2019, pursuant to Section 327(a) of the Bankruptcy Code, the Trustee filed his motion to retain Robert R. Benjamin, Beverly A. Berneman, Anthony J. D'Agostino, and the associates and para-professionals of GCT as special counsel (the "Motion"). [Dkt. 23.]

5. The Motion disclosed that while GCT represents a creditor of the Estate, Linda Nelson, GCT is not owed any money by the Estate and does not have any interest adverse to the interests of the Estate or any class of creditors or equity security holders. [Dkt. No. 23 at ¶ 7.] Furthermore, Ms. Nelson agreed and acknowledged that she waives and releases any claims she

has as a secured or lien creditor arising from the judgment entered in Cook County Case No. 08 M2 3162, to the extent she has any right to such claims. *Id*.

6. As stated in the Motion, the Trustee sought to retain GCT specifically to "object to the exemption asserted by Debtor as to the Settlement Funds, and to recover the transfer of the Settlement Funds for the benefit of the Estate." [Dkt. No. 23 at ¶ 6.]

7. Specifically, GCT was retained to: 1) render legal advice and investigation with respect to avoidance powers provided by §§ 544, 547, 548 and 550 of the Bankruptcy Code; 2) evaluate and prepare an objection to Debtor's assertion of exemption of the Settlement Funds; and 3) prepare all other necessary pleadings, orders and reports with respect to the avoidance powers and to render all other legal services as may be necessary proper therein. [Dkt. No. 23 at ¶¶ 8(a)-(c).]

8. On July 17, 2019 this Court entered an order authorizing the Trustee to retain and appointing GCT as Special Counsel. [Dkt. No. 31.]

9. On September 25, 2019, acting as Special Counsel, GCT filed the instant adversary proceeding against Defendant seeking turnover of the Settlement Funds.

10. On June 2, 2020, nearly a year after the Trustee's original motion to appoint GCT as special counsel, Defendant filed his instant motion to disqualify GCT as special counsel.

## ARGUMENT

GCT remains a disinterested party whose specific role as Special Counsel is tailored to the turnover of the Settlement Funds.

Pursuant to Section 327(a) of the Bankruptcy Code, the Trustee, with Court approval, may employ attorneys, accountants, appraisers, auctioneers or other professional persons, all of whom must be disinterested.

Pursuant to Section 101(14) of the Bankruptcy Code, a disinterested person means that that the person 1) is not a creditor, security holder, or an insider; 2) is not and was not a director, officer, or employee of the debtor within two years before the bankruptcy petition was filed; and 3) does not have an interest materially adverse to the interest of the estate or any class of creditors, or equity security holders, by any reason of direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason.

Pursuant to Section 327(c) of the Bankruptcy Code, a person is not disqualified for employment by the trustee solely because of their employment by or representation of a creditor. Rather, employment must only be disapproved when there is 1) an objection by another creditor or the United States trustee; and 2) there is an actual conflict of interest.

Here, GCT has remained a disinterested party throughout the course of its employment as Special Counsel. GCT is not 1) a creditor, security holder, or an insider; 2) a director, officer, or employee of Debtor; and 3) does not have an interest materially adverse to the interest of the Estate. Rather, as Special Counsel whose purpose is to pursue recovery of the Settlement Funds, GCT, Trustee, and the Estate have the parallel interest of maximizing the Estate through recovery of the Settlement Funds. *In re Best Craft General Contractor and Design Cabinet, Inc., Bkrtcy*. E.D.N.Y.1999, 239 B.R. 462 (holding there was no conflict of interest where law firm that represented creditor acted as special counsel because the trustee and creditor had parallel interest of maximizing estate assets through recovery of fraudulent conveyance claims).

Further, no actual conflicts of interest exist in GCT's role as Special Counsel and the Trustee's duties. GCT has not, and does not, represent or assist Trustee in his general administration of the Estate or in his review of proofs of claim—including the proof of claim filed by Linda Nelson. Its employment is limited to the turnover of the Settlement Funds in the

instant adversary case. Therefore, no conflict of interest exists between GCT as Special Counsel and the Trustee's ability to review and examine proofs of claims filed in the Estate.

WHEREFORE, Plaintiff, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling, prays that this Honorable Court enter an order denying Defendant Gary Zarling's Motion to Disqualify Special Counsel.

Dated: June 24, 2020

Respectfully submitted,

RICHARD MASON,

By: */s/ Caren A. Lederer*
    One of His Attorneys

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)
Caren A. Lederer (ARDC # 6299589)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Plaintiff
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
calederer@gct.law