UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> STEVEN D. ZARLING, ) <br> ) <br> ) <br> Debtor ) <br> ) <br>  ) <br> RICHARD MASON, not individually but ) <br> solely in his capacity as Chapter 7 Trustee for ) <br> the bankruptcy estate of STEVEN D. ) <br> ZARLING, ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> GARY ZARLING, ) <br> ) <br> Defendant ) <br> ) | Case No. 18-35437 <br><br> Honorable David D. Cleary <br><br><br><br> Adv. No. 19-00947 |

### REPLY OF DEFENDANT, GARY ZARLING, TO RESPONSE TO MOTION TO DISQUALIFY SPECIAL COUNSEL

NOW COMES the Defendant, Gary Zarling ("Defendant") by and through his attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for his reply to the response of Plaintiff, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling ("Plaintiff" or "Trustee"), to Defendant's motion to disqualify special counsel, states as follows:

### INTRODUCTION

This is the reply of Defendant to Plaintiff's response to Defendant's motion to disqualify special counsel. For the reasons stated herein and in his motion, Defendant requests the Court enter an order disqualifying special counsel from representing the Plaintiff.

## BACKGROUND

1. On December 26, 2018, Steven D. Zarling ("Debtor") filed a voluntary petition pursuant to Chapter 7 of Title 11, U.S.C.

2. Plaintiff, Richard Mason, was duly appointed and qualified as Trustee.

3. On July 17, 2019, an order was entered authorizing the Trustee to retain Robert R. Benjamin, Beverly A. Berneman and Anthony J. D'Agostino as special counsel (individually, "Benjamin", "Berneman" and "D'Agostino" and collectively, "Special Counsel")[1].

4. On June 2, 2020, Defendant filed his motion to disqualify Special Counsel ("Motion").

5. On June 10, 2020, the Court set a briefing schedule whereby the Plaintiff was to file his response to the Motion on or before June 24, 2020, Defendant is to file his reply to the response on or before July 8, 2020, and the Motion is set for status or ruling on July 15, 2020.

6. On June 24, 2020, Plaintiff filed his response to the Motion ("Response").

## UNCLEAR UNDER WHAT SUBSECTION SPECIAL COUNSEL IS EMPLOYED

At the outset, it is unclear whether Special Counsel was retained under 11 U.S.C. §327(a) or §327(c)[2]. There is a distinction between the subsections. Pursuant to retention under §327(a), professional persons must be disinterested persons. While the requirement to be disinterested does not appear in §327(c), that subsection requires that no actual conflict of interest exist.

In his motion to retain Special Counsel, the Trustee, in paragraph 5, references §327(c), but then erroneously cites that the professionals to be retained "...must be disinterested". In paragraph 9 of the retention motion, the Trustee refers to §327(a) in disclosing the fee arrangement

---

[1] The order was entered by the Honorable LaShonda A. Hunt, the judge previously assigned to the bankruptcy case prior to the reassignment to the Honorable David D. Cleary on January 2, 2020.
[2] References hereafter will be to §§327, 327(a), and 327(c).

between the Trustee and Special Counsel. Those paragraphs are the only references to subparagraphs of §327.

While the introductory paragraph of the retention motion cites §327(c), the prayer for relief only mentions §327 and the order authorizing the retention of Special Counsel is devoid of any reference to §327 and its subparagraphs.

## SPECIAL COUNSEL IS NOT DISINTERESTED

Retention under §327(a) requires that the professional person "…not hold or represent an interest adverse to the estate" and be a disinterested person. A "disinterested person" under 11 U.S.C. §101(14) is a person that:

> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

As discussed in Defendant's Motion, Special Counsel is currently representing the Trustee in the instant adversary proceeding, is currently representing Linda J. Nelson ("Nelson") in connection with her proof of claim filed in the bankruptcy case, and is currently representing Nelson in connection with her adversary proceeding against the Debtor, Steven D. Zarling ("Debtor"), seeking a denial of his discharge. In the event Nelson is successful in obtaining a denial of discharge, then Nelson will, with the assistance of Special Counsel, pursue all of her remedies to collect the debt allegedly owed by the Debtor from any assets available which may include assets of the bankruptcy estate. Consequently, Special Counsel and Nelson hold "an interest materially adverse to the interest of the estate". "Courts traditionally define an interest adverse to the estate as 'any economic interest that would tend to lessen the value of the bankruptcy

estate or that would create an actual or potential dispute in which the estate is a rival claimant'." *In re Burghoff*, 2006 WL 4013729*6 (Bankr. S.D. Iowa 2006) (citing *In re Premier Farms, L.C.*, 305 B.R. 717, 720 (Bankr. N.D. Iowa 2003). See, also, *In re Crivello*, 134 F.3d 831 (7th Cir. 1998) Query: Whether the Trustee would have retained Special Counsel had he known that Special Counsel would represent Nelson in her adversary proceeding seeking a denial of the Debtor's discharge and in filing her proof of claim.[3]

## ACTUAL CONFLICT OF INTEREST

Although §327(c) provides that a person is not disqualified from employment solely because that person may represent a creditor, the retention should be disapproved if there is an actual conflict of interest.

As referenced herein and in Defendant's Motion, Special Counsel filed a proof of claim on behalf of Nelson. One of the duties enumerated in 11 U.S.C. §704(a) is to examine proofs of claim and file objections when necessary. The Trustee will need to examine Nelson's claim and if there is a basis for an objection, will need to object to the allowance of the claim. This is an actual conflict of interest as contemplated in Rule 1.7 of the ABA Model Rules which requires an order disqualifying Special Counsel.

As argued above as to why Special Counsel is not disinterested, if Nelson obtains a denial of discharge and then pursues her alleged claim, she may be competing with the Trustee for assets of the Debtor to pay her claim. This would be an actual conflict of interest. Likewise, after the Trustee reviews claims filed in the bankruptcy case, he may have a basis to file an objection to the allowance of Nelson's claim. This would be an actual conflict of interest. "...a bankruptcy judge should disapprove employment of an attorney who represents a creditor 'if there is an *actual*

---

[3] At the time of the retention motion, Nelson had not filed her proof of claim or the adversary proceeding seeking denial of the Debtor's discharge.

conflict of interest'. A conflict is 'actual' when 'the professional serves two presently competing and adverse interests'." *In re Raymond Professional Group, Inc., et al.*, 421 B.R. 891, 902 (Bankr. N.D. Illinois, E.D. 2009) (citing *In re Am. Printers Lithographers*, 148 B.R. 862, 866 (Bankr. N.D. Illinois, E.D. 1992).

While Special Counsel might argue that there is no "actual" conflict and that there is a distinction between "actual conflict" and "potential conflict", some courts have rejected the distinction. See, e.g., *In re Grabill Corp.*, 113 B.R. 966, 970 (Bankr. N.D. Illinois, E.D. 1990) which follows the line of cases holding that "…the concept of potential conflicts as a contradiction in terms". *Id.*

### CASE CITED IS NOT AVAILING

Special Counsel cites *In re Best Craft General Contractor and Design Cabinet, Inc.*,[4] in support of their argument that there is no conflict since the trustee and the creditor hold parallel interests of maximizing the estate. That case is distinguishable from the case at bar. In *Best*, the law firm and the individual creditor agreed to subordinate their claims to any potential recovery against the adversary defendants. Neither Nelson nor Special Counsel have agreed to subordinate their claims in any potential recovery against Defendant so as to allow other creditors of the Debtor's estate to be paid in full prior to any distribution to Nelson or Special Counsel. As a matter of fact, the terms of the retention of Special Counsel by the Trustee disclosed that Nelson is paying Special Counsel on an hourly basis and will receive a credit against those fees paid in the event the Trustee is successful and the contingency fee arrangement entered into between Special Counsel and the Trustee becomes operable. Query: Whether Nelson would continue funding Special Counsel if she knew that the Trustee might file an objection to the allowance of her claim?

---

[4] 239 B.R. 462 (Bankr.E.D.N.Y. 1999)

## CONCLUSION

For the reasons stated herein and in his Motion, Defendant, Gary Zarling, prays the Honorable Court enter an order disqualifying Benjamin, Berneman and D'Agostino and other members and paralegals of Golan Christie Taglia, LLP as Special Counsel for the Trustee and for such other and further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      Gary Zarling, Defendant

                                      By:  <u>Joel A. Schechter</u>
                                               His Attorney

Joel A. Schechter
Attorney No. 3122099
Law Offices of Joel A. Schechter
53 West Jackson Blvd., Suite 1522
Chicago, IL 60604
312-332-0267
joel@jasbklaw.com