UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18 B 35437 |
| STEVEN D. ZARLING, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| RICHARD J. MASON, as Chapter 7 Trustee for ) | |
| the bankruptcy estate of Steven D. Zarling, ) | |
| ) | Adv. No. 19 A 947 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge David D. Cleary |
| GEORGE ZARLING a/k/a GARY ZARLING, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO DISQUALIFY**

This matter comes before the court on the motion of Defendant Gary Zarling ("Defendant" or "Gary") to disqualify the special counsel of Plaintiff Richard Mason, the Chapter 7 Trustee for the bankruptcy estate of Steven Zarling ("Plaintiff" or "Trustee"). Having reviewed the papers filed in this matter as well as the dockets of the underlying bankruptcy case and the two associated adversary proceedings, the court denies the motion.

**BACKGROUND**

Steven D. Zarling ("Debtor" or "Steven") filed for relief under Chapter 7 on December 26, 2018. Among the unsecured creditors listed on Steven's Schedule F is Linda Nelson. Her claim is described as a judgment in the amount of $32,096.00. In answer to Question 9 on his Statement of Financial Affairs, Steven disclosed that *Linda J. Nelson v. Steven Zarling*, 2008 m3 3165, concluded within the past year.

1

About three months after Steven filed his bankruptcy petition, Nelson filed a motion to extend the discharge and dischargeability deadlines. Attorney Robert Benjamin represented her on that motion, the three subsequent motions requesting the same relief, and the adversary proceeding filed on November 15, 2019. *Nelson v. Zarling*, 19 A 1009 (the "Nelson Adversary"). The Nelson Adversary is still pending. Benjamin also filed Nelson's proof of claim in the amount of $61,671.76.

In the meantime, Benjamin filed a retention application on behalf of the Trustee. In the application, the Trustee sought permission to retain Benjamin and certain other attorneys at his law firm, Golan Christie Taglia LLP (the "GCT Attorneys").[1] The application disclosed the GCT Attorneys' representation of Nelson. The firm agreed to give her a credit based on any funds it receives from its representation of the Trustee, and Nelson agreed to waive any claims she has as a secured or lien creditor. The Trustee sought to retain the GCT Attorneys for the purpose of pursuing recovery of Steven's prepetition transfer of $39,810.82 in workers' compensation settlement proceeds.

The same day he filed the Trustee's retention application, Benjamin also filed an objection to Steven's claim of exemptions on behalf of the Trustee. The objection concerned the workers' compensation settlement proceeds, which Steven had transferred to his brother, Gary.[2] Steven disclosed the transfer in answer to Question 18 on his Amended Statement of Financial Affairs.

---

[1] The Local Bankruptcy Rules provide that "[o]nly individual attorneys may file appearances. Appearances by firms are not allowed." LBR 2090-5(A)(3). For purposes of simplicity, the attorneys retained individually by the Trustee will be referred to as the GCT Attorneys.

[2] Steven listed the transfer recipient as George Zarling. The correct name is Gary Zarling. Gary admitted in his answer that he received a payment disclosed on Steven's schedules.

2

Eventually the court approved the Trustee's application to employ the GCT Attorneys and sustained his objection to Steven's exemption. Shortly afterward, the GCT Attorneys filed this adversary proceeding on behalf of the Trustee.

In this complaint, the Trustee seeks to avoid and recover the transfer to Gary as a preferential transfer to an insider, or alternatively as a fraudulent transfer.

About eight months after the complaint was filed against him, Gary brought this motion to disqualify the GCT Attorneys from representing the Trustee.

## LEGAL DISCUSSION

Gary argues that a concurrent conflict of interest exists because the GCT Attorneys represent both Nelson and the Trustee. This conflict of interest stems from the Trustee's duty to examine proofs of claim and to object if grounds exist to do so. Since Nelson filed a proof of claim, argues Gary, the GCT attorneys cannot represent both her and the Trustee.

In support of his argument, Gary cites Rule 1.7 of the ABA Model Rules, which is applicable pursuant to Local District Rule 83.50 and Local Bankruptcy Rule 9029-4A.

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
>
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> > (2) the representation is not prohibited by law;

3

> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_1_7_conflict_of_interest_current_clients/ (retrieved August 14, 2020).

The basis of Gary's motion is that the GCT Attorneys should be disqualified from representing the Trustee because there is a concurrent conflict of interest with their representation of Nelson, who is a creditor.

The court first notes that "disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F. 2nd 312, 317 (7th Cir. 1993) (quotations omitted). "Courts recognize that the ability to deny one's opponent the services of capable counsel is a potent weapon." *In re Leventhal*, 2012 WL 1067568, *2 (Bankr. N.D. Ill. March 22, 2012) (quotation omitted).

The Trustee retained the GCT Attorneys pursuant to an application filed in the main bankruptcy case. There appears to be some confusion regarding the statutory basis for the GCT Attorneys' retention. The Trustee employed the GCT Attorneys under 11 U.S.C. § 327(a):

> **(a)** Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Section 327(c) operates in conjunction with § 327(a), clarifying that

> [i]n a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c).

In cases commenced before 1984, representation of a creditor automatically disqualified an attorney from representing a trustee. The prior version of the statute read: "In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, *but may not, while employed by the trustee, represent, in connection with the case, a creditor*." An Act to establish a uniform Law on the Subject of Bankruptcies, Pub. L. No. 95–598, § 327, 92 Stat. 2549 (1978) (emphasis added).

This is no longer the standard. Instead, when another creditor or the United States trustee objects to a professional person's retention because the person represents a creditor, § 327(c) directs the court to "disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c).[3] "A conflict is actual when the professional serves two presently competing and adverse interests." *In re Raymond Professional Group, Inc.*, 421 B.R. 891, 902 (Bankr. N.D. Ill. 2009) (quotation omitted).

This is essentially the same as the prohibition in Model Rule 1.7, which defines a concurrent conflict of interest as existing when either "the representation of one client will be directly adverse to another client, or there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ."

---

[3] The Bankruptcy Code does not define "actual conflict of interest," and many courts use the term to distinguish between current conflicts and future, potential conflicts. Gary correctly points out that not all courts agree there is a distinction. *See In re Grabill Corp.*, 113 B.R. 966, 970 (Bankr. N.D. Ill. 1990) ("The opposing line of cases . . . considers the concept of potential conflicts as a contradiction in terms.") (citation omitted), *aff'd sub nom. Grabill Corp. v. Pelliccioni*, 135 B.R. 835 (N.D. Ill. 1991), *aff'd sub nom. Matter of Grabill Corp.*, 983 F. 2nd 773 (7th Cir. 1993). Many other courts, however, draw a distinction between the two. *See In re Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr. N.D. Ill. 1990). Moreover, if the court declines to draw any distinction at all, and to disqualify professional persons because of a potential conflict, no matter how remote, it will be reading the word "actual" out of the statute. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (quotations omitted).

5

What is the nature of a disqualifying conflict when the trustee hires an attorney for a limited purpose? "[W]here the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, *there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself*." *In re AroChem Corp.*, 176 F. 3rd 610, 622 (2nd Cir. 1999) (quotation omitted) (emphasis added).

In his motion, Gary argued that the conflict of interest arose from the Trustee's duty to examine Nelson's proof of claim and, if necessary, to object to it. In his reply, Gary extended the argument to include the discharge adversary Nelson filed against Steven. "In the event Nelson is successful in obtaining a denial of discharge, then Nelson will, with the assistance of [the GCT Attorneys], pursue all of her remedies to collect the debt allegedly owed by the Debtor from any assets available which may include assets of the bankruptcy estate. Consequently, Special Counsel and Nelson hold 'an interest materially adverse to the interest of the estate.'" (Reply at 3).

There are two flaws in Gary's arguments. First, the GCT Attorneys were not retained by the Trustee for the purpose of reviewing proofs of claim and assisting the Trustee in determining which claims merit objections. As *AroChem* tells us, there need only be no conflict between the trustee and the creditor with respect to the specific matter for which the trustee retained the creditor's attorney. There is no actual conflict between the GCT Attorneys' role as Nelson's counsel and the services they will render to the Trustee.

As to the argument that if Nelson prevails on her discharge objection, her interests will conflict with the Trustee's interests, or the GCT Attorneys will no longer be disinterested, the flaw is that Nelson cannot pursue property of the bankruptcy estate while the Trustee is administering it. Although the automatic stay terminates as to many actions once a discharge is

6

denied, there is one important exception: "the stay of an act against property of the estate under subsection (a) . . . continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). There is no danger that Nelson will pursue property of the estate in conflict with the Trustee's administration of that same property, because the automatic stay prevents her from doing so.

Gary did not argue in his motion that the GCT Attorneys are not disinterested, although he does so in his reply. There are two reasons why the court will not consider this line of reasoning. First, "[a]rguments raised for the first time in a reply brief are waived." *Simpson v. Office of the Chief Judge of the Circuit Court of Will County*, 559 F. 3rd 706, 719 (7th Cir. 2009) (quotation omitted).

Second, the question of whether the GCT Attorneys are disinterested was available for consideration and objection at the time the GCT Attorneys filed their application for retention. The United States trustee,[4] other creditors and the Debtor all had the opportunity to review the facts and determine whether that statutory requirement was satisfied. The GCT Attorneys were already representing Nelson; she had filed two motions to extend the discharge/dischargeability deadline as well as a motion to examine Steven under Fed. R. Bankr. P. 2004. No one objected to the GCT Attorneys' retention, no one sought reconsideration of the order approving their retention, and the appeal period passed. Nothing has changed. It is appropriate for Gary to seek disqualification under Model Rule 1.7 since the Trustee filed his adversary proceeding against Gary only after the GCT Attorneys were retained. But Gary has not alleged any facts that require the court to revisit its prior order and find that GCT is not disinterested.

---

[4] Although the United States trustee is not on the service list attached to the retention application, he is on the ECF service list. According to the receipt at EOD 23 in the bankruptcy case, he received electronic notice of the application.

7

Gary asks rhetorically whether the Trustee would have hired the GCT Attorneys if he knew Nelson would file a proof of claim and the discharge action. It is obvious that the answer is "yes," because the Trustee (an experienced bankruptcy attorney himself) did not replace the GCT Attorneys after those two events occurred. Nelson filed her discharge action in November 2019, and her proof of claim just a few months later, giving the Trustee plenty of time to hire a new law firm if he believed a conflict of interest existed.

The Trustee retained the GCT Attorneys for the limited purpose of pursuing recovery of Steven's prepetition transfer of $39,810.82 in workers' compensation settlement proceeds. This limited retention presents no concurrent conflict of interest with the GCT Attorneys' representation of Linda Nelson. For all of the reasons stated above, **IT IS HEREBY ORDERED THAT** the motion to disqualify is **DENIED**.

Status on the adversary complaint is continued to September 23, 2020 at 10:30 a.m.

ENTERED:

Date:   September 2, 2020

DAVID D. CLEARY
United States Bankruptcy Judge